RECEIVED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 10 2011

JAMES W. McCORMACK, CLERK
By: _____ DEP ____

FORM TO BE USED BY PRISONERS IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. Sec. 1983

FILED
EASTERN DISTRICT ARKANSAS

MAR 10 2011

JAMES W. McCORMACK CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
_Eastern_ DIVISION

Roy D. Burns
_____

_____

(Enter above the full name of the
plaintiff, or plaintiffs, in this
action.)

V.

Sgt. Edward D. Eaton, Warden Burl,
Asst. Warden Ball, Captain Moses-
Jackson III, Lt. Walker
(Enter above the full name of
defendant or defendants, in
this action.)

ADC # 091713

CASE NO 2:11CV00049
SWW/BD

This case assigned to District Judge Wright
and to Magistrate Judge Deere

I.   Previous Lawsuits

     A.   Have you begun other lawsuits in state or federal court
          dealing with the same facts involved in this action?

          Yes _____   No  X

     B.   If your answer to A is yes, describe each lawsuit in
          the space below.   (If there is more than one lawsuit,
          describe the additional lawsuits on another piece of
          paper, using the same outline.)

          1.   Parties to this lawsuit

               Plaintiffs: _____

               _____

               Defendants: _____

               _____

          2.   Court (1f federal court, name the district; if stat
               court, name the county: _____

               _____

-1-

3. Docket Number: _____

4. Name of Judge to whom case was assigned _____

5. Disposition (for example: Was the case dismissed was it appealed? Is it still pending?): _____

6. Approximate date of filing lawsuit: _____

7. Approximate date of disposition: _____

II. Place of present Confinement: _____
_____

III. There is a prisoner grievance procedure in the Arkansas Department of Correction. **Failure to complete the grievance procedure may affect your case in federal court.**

A. Did you present the facts relating to your complain in the state prisoner grievance procedure?

Yes _X_    No ____

B. If your answer is YES, Attach copies evidencing completion of **the final step of the grievance appeal procedure**. FAILURE TO ATTACH THE REQUIRED COPIES MAY RESULT IN THE DISMISSAL OF YOUR COMPLAINT.

C. If your answer is NO, explain why not: _____
_____
_____

IV. Parties
(In item A below, place your name in the first blank and place your present address in the second blank. Do th same for additional plaintiffs, if any.)

A. Name of plaintiff: *Roy D. Burns*
Address: *P.O. Box 180, Brickeys, AR. 72320*

Name of plaintiff:_____

Address: _____

Name of plaintiff:_____

Address: _____

(In Item B below, place the full name of the defendant in the first blank, his official position in the second blank, his place of employment in the third blank, and his address in the fourth blank.)

Defendant: Edward D. Eaton
Position: Sgt.
Place of employment: Eastern Ark Max. Sec. Unit
Address: P.O. Box 180, Brickeys, AR 72320

Defendant: Danny Burl
Position: Warden
Place of employment: Eastern Ark Max. Sec. Unit
Address: P.O. Box 180, Brickeys, Ar. 72320

Defendant: Todd Ball
Position: Asst. Warden
Place of employment: Eastern Ark. Max. Sec. Unit
Address: P.O. Box 180, Brickeys, Ar. 72320

Defendant: Moses Jackson III
Position: Captain
Place of employment: Eastern Ark. Max. Sec. Unit
Address: P.O. Box 180, Brickeys, Ar. 72320

Defendant: L. Walker
Position: Lieutenant
Place of employment: Eastern Ark. Max. Sec. Unit
Address: P.O. Box 180, Brickeys, Ar. 72320

V.  Statement of Claim

State here as briefly as possible the <u>facts</u> of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

*SEE Attached*

VI. Relief

State briefly exactly what **YOU want the court to do for YOU.** Make **no legal arguments. Cite no cases or statutes**.

*SEE Attached*

I declare under penalty of perjury (18 U. S. C. § 1621 that the foregoing is true and correct.

Executed on this _28_ day of _February_ ,20_11_.

_____Roy Bevins #091713_____
Signature(s) of plaintiff(s)

—4—

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

Roy D. Burns,                                          Plaintiff

v.                                                Case No. _____

Sgt. Edward D. Eaton,
Warden Danny Burl,
Asst. Warden Todd Ball,
Capt. Moses Jackson III,
Lt.      Walker,                                     Defendants

I. JURISDICTION AND VENUE

1. This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The Court has Jurisdiction under 28 U.S.C. Section 1331 and 1334 (a)(3), Plaintiff seek declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff claim for Injunctive Relief are authorized by 28 U.S.C. 2283 and 2284 and Rule 65 of the Fed. Rules of Civ. Proc.

2. The Eastern District is an appropriate venue

1.

under 28 U.S.C. Section 1391(b)(2), because it is where the events giving rise to this claim occurred.

## II PLAINTIFF

3. Plaintiff, Roy D. Burns, is and was at all times mentioned herein a prisoner of the State of Arkansas, in the custody of the Arkansas Department of Corrections. He is currently confined in the Eastern Arkansas Maximum Security Unit in Brickeys, Arkansas

## III DEFENDANTS

4. Defendant, Edward D. Eaton, is a correctional Officer of the Arkansas Department of Corrections who, at all times mentioned in this complaint, held the rank of Sargeant and was assigned to the Eastern Arkansas Maximum Security Unit in Brickeys, Arkansas

5. Defendant, Danny Burl, is the Warden of Eastern Arkansas Maximum Security Unit. He is legally responsible for the operation of the The Eastern Arkansas Maximum Security Unit, and for the safety and welfare of all the Inmates at that prison.

6. Defendant, Todd Ball, is the Asst. Warden of Eastern Arkansas Maximum Security Unit. He is

legally responsible for the operation of the Eastern Arkansas Maximum Security Unit and for the safety and welfare of the Inmates of that Unit, in Brickeys, Arkansas

7. Defendant Moses Jackson III, is a Correctional Officer of the Department of Corrections who, at all times mentioned in this complaint held the rank of Captain and was assigned as Commander of the Maximum Security Unit at Brickeys, Arkansas

8. Defendant Walker, is a Correctional Officer of the Department of Corrections who, at all times mentioned in this complaint held the rank of Lieutenant and was Supervisor of the people ranked under her and was assigned to the Maximum Security Unit at Brickeys, Arkansas

9. Each Defendant is sued individually and in his/her official capacity. At all times mentioned in this complaint each defendant acted under color of state law

IV FACTS

1. On July 2, 2010, while in Isolation #3 Cell 78, Sgt. Edward D. EATON and Corporal Benjamin Woodard came to my cell to take me to the shower to

.3

wash off scabbie treatment body and hair shampoo that I had to put on at least 12 hrs. previously, to rid myself of scabbies that I had contracted from soiled mattresses in Isolation #3. The shower occurred around 2:30 P.M.

2.      Upon completion of the shower I was told to place all of my personal clothes in a red plastic medical bag, to be washed and was given a paper gown to wear.

3.      Around 3:20 P.M. Sargeant (Sgt.) Eaton came to my shower and told me to "catch the cuffs to be returned to my cell." I told Sgt. Eaton "No!" "That my cell has yet to be sprayed with bleach." "It's unsterilized!"

4. He then again told me to "catch the cuffs", I again, told "No!"

5    At that time he pulled his Mace can out and told me, "If you do not catch the cuffs to go back to your cell, I'll spray you." He then begin shaking the can of mace in an aggressive and menacing manner.

6       At that time I asked him about Michael Ray, another Inmate, to try to get his mind off the way it was going. He told me I won't tell Ray nothing for

4.

you. So I ask if he's still in the same cell. He said he did not know.

7. Then he said, "Catch the cuffs or I'll spray you!" I realized it was serious so I threw my shampoo bottle at him to keep him back away from me.

8. Then, he ran to my shower bars and started spraying me all over my face and body for about a 2 to 3 second blast.

9. At that time, I threw my soap dish at him to get him away from me. And he ran up to the bars and begin spraying me again.

10. I was really mad and scared at this point cause I was worried about the mace having a bad effect on the chemicals that was already on my body. So I started spitting at him to try to keep him away from me but, that did not deter him he ran up to my bars and started spraying me in my face and genital area.

11. At this time I begin to scream cause it burnt my genitals so badly and I kept telling him I could not see that I'm burning. I ran to the back of the shower to turn the water on to try to wash it off

5.

and he told Cpl. White to turn the water off that he did not say that I could wash it off.

12. About 10 minutes later the Lieutenant Walker came in Isolation and we talked for a few minutes and she had them turn the water on. So, I started to wash it off. But, the water was so hot that I could only stand to stay under the water only a couple seconds at a time. It burnt really bad and was very painful on my genital area. I cried.

13. Then, as I was jumping in and out of the water Lieutenant Walker told me that Michael Ray had been transferred to Pine Bluff that morning. And she asked me if I'd be alright. I told her just keep Sgt. Eaton away from me.

14. Approximately 45 minutes later the Infirmary came to Isolation to cleanse my eyes out but they were clear by then. Lt. Walker tried to make the infirmary take me to the Infirmary to see why I had been urinating blood in the past week but they refused to check me out.

15. When the nurse tried to give me some medicine Captain (Capt.) Moses Jackson came in there and she dropped my meds on the floor. The

Capt. made her go get me some more medicine cause she was acting like it was my fault. Capt. Jackson had come in to check on me and take me back to my cell however, while the nurse left to go get my meds He left too.

16. About 30 or 40 minutes later someone took me back to my cell. I was still burning badly and the water was too hot to get in to properly wash off so, I really can't say who took me back to my cell.

17. The cell never was sterilized or bleached out two weeks later I was still complaining about scabbies.

18. See Exibit A-D.

19. This all was a Malicious and sadistic act on the part of Sgt. Eaton and was done in the way to cause the most pain.

20. I was sprayed in my face and genital area 3 times over a 2 minute period while already locked down in a secure area.

21. He did these acts before he ever contacted his supervisor or tried to get help. He never called for the Emergency Response team or Extraction Team. Only came at

11.

me in a threatening and hostile manner. He could of walked away from the situation and called for help BEFORE I was maced 3 times. I could NOT leave the shower.

## V. EXHAUSTION OF LEGAL REMEDIES

22. Plaintiff Roy Burns used the prisoner grievance procedure available at the Eastern Arkansas Maximum Security Unit to try to solve the problem. On 7-14-10 Plaintiff Roy Burns presented the facts related to the complaint the best he could on such limited space. The first level of said grievance was never answered the grievance was thrown away. So Plaintiff Roy Burns filed his yellow copy on to the second level. It was filed to the second level on 7-28-10. Plaintiff waited two weeks in hopes of some kind of response. On 8-6-10 Plaintiff's grievance was denied by Warden Danny Burl. On 8-10-10 Plaintiff appealed to the final stage, were it was again denied on 10-13-10 by Larry May - Chief Deputy Director (See Exibit A-C.)

## VI. LEGAL CLAIMS

23. Plaintiff reallege and incorporate by reference paragraphs 1-22

24. The spraying of the Chemical agent violated Plaintiffs rights and constituted Cruel and Unusal Punishment and

due process violations under the Eighth and fourteenth Amendment to the United States Constitution, by defendants

25  The Plaintiff has no plain, adequate or complete at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this court grants declaratory and injunctive relief which Plaintiff seeks

VII  PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays that this court enter Judgement granting plaintiff:

26  A declaration that the acts and omissions described herein violated plaintiff's rights under the Constitution and laws of the United States.

27.  A preliminary and permanent injunction ordering defendants to comply with policy and confer with their supervisors before spraying chemical agents on prisoners who are already locked down in a secure area in order to prevent situations from becoming out of control as this situation clearly did

28  Compensatory damages in the Amount of Fifty

9.

Thousand dollars($50,000°°) against each defendant, jointly and severally.

29. Punitive damages in the amount of Fifty thousand dollars ($50,000°°) against each defendant

30. A Jury trial on all issues triable by Jury

31. Plaintiffs cost in this suit

32. Any additional relief this court deems Just, proper and equitable

Dated: February 28, 2011

Respectfully Submitted,
Roy Burns # 091213
Eastern Arkansas Maximum Security Unit
P.O. Box 180
Brickeys, AR. 72320



Seccer Cole
03-01-2011

**UNIT LEVEL GRIEVANCE FORM** (Attachment 1) ARO / RECEIVED CONFIDENTIAL

Yellow copy

Unit/Center **E.A.R.U. MAX**

Name **Roy Burns**

JUL 29 2010

FOR OFFICE USE ONLY
GRV. # **EAM10-02858**
Date Received: **7-29-10**

ADC# **091713**  Brks # **J50-90**  Job Assignment: East Arkansas Regional Unit

GRV. Code #: **803**

**7-14-10** (Date) STEP ONE: Informal Resolution

**7-28-10** (Date) STEP TWO: Formal Grievance (All complaints/concerns should first be handled informally.) If the issue was not resolved during Step One, state why: **I have recieved No response. My grievance was lost. Sgt. Ivory lost it.**

_____ (Date) EMERGENCY GRIEVANCE (An emergency situation is one in which you may be subject to a substantial risk of physical harm; emergency grievances are not for ordinary problems that are not of a serious nature). If you marked yes, give this completed form to the designated problem-solving staff, who will sign the attached emergency receipt. If an Emergency, state why: _____

Is this Grievance concerning Medical or Mental Health Services? _____ If yes, circle one: medical or mental

**BRIEFLY** state your one complaint/concern and be specific as to the complaint, **date**, place, name of personnel involved and how **you** were affected. (Please Print): **On 7-2-10 at appx. 3:20 P.M. I was sprayed in the face with a chemical agent by Sgt. Eaton. He sprayed me 3 times in the face. Anywhere from 2-3 second burst. At first he tried to make me catch the cuffs and go to my cell. I told him that my cell had not been bleached yet. I was in the shower at the time washing off from treatment for scabies. He told me he didn't care for me to catch the cuffs or he was going to spray me. So we argued then I threw a shampoo bottle at him. As th. disc shows that it went. He sprayed me 3 seperate times within a 2 minute period. He never contacted the Lt. or anyone else or try to get help. Not til after he sprayed me numerous times. I am sure that this is against policy. Plus, once I refused and was sprayed the first time he should of called for the camera and recorded the incident.**

Roy Burns / Inmate Signature        7-14-10 / Date

_If you are harmed/threatened because of your use of the grievance process, report it immediately to the Warden or designee._

**THIS SECTION TO BE FILLED OUT BY STAFF ONLY**

This form was received on **7-14-10** (date), and determined to be **Step One** and/or an Emergency Grievance _____ (Yes or No). This form was forwarded to medical or mental health? _____ (Yes or No). If yes, name of the person in that department receiving this form: _____ Date _____

**William Ivory** / PRINT STAFF NAME (PROBLEM SOLVER)   ID Number   **William Ivory** / Staff Signature   **7-14-10** / Date Received

**RECEIVED AUG 3 0 2010**

Describe action taken to resolve complaint, including **dates**: _____

Staff Signature & Date Returned _____   Inmate Signature & Date Received _____

INMATE GRIEVANCE SUPERVISOR ADMINISTRATION BUILDING

This form was received on **7/28/10** (date), pursuant to Step Two. Is it an Emergency? ____ (Yes or No). Staff Who Received Step Two Grievance: **L/t Williams**   Date: **7/28/10**
Action Taken: _____ (Forwarded to Grievance Officer/Warden/Other) Date: **7-28-10**
If forwarded, provide name of person receiving this form: _____ Date: _____

**DISTRIBUTION: YELLOW & PINK** – Inmate Receipts; **BLUE** – Grievance Officer; **ORIGINAL** – Given back to Inmate After Completion of Step One and Step Two.

Iso. 9a

IGTT410  
3GS

Attachment III

INMATE NAME: Burns, Roy       ADC #: 091713A       GRIEVANCE #: EAM10-02858

## WARDEN/CENTER SUPERVISOR'S DECISION

You allege that on 7-2-10, at approximately 3:20 P.M., you were sprayed with a chemical agent by Sgt. Eaton. You allege that he tried to make you turn around to be cuffed. when you refused, he sprayed you at least 3 times within a 2 minute period. You allege that he never called for assistance, or reported this to the Lieutenant. You admitted that you refused to be cuffed, argued with Sgt. Eaton, then threw a shampoo bottle at him. You allege that he violated policy by not calling for assistance when you first disobeyed his direct order to be cuffed. Sgt. Eaton advised that the only reason that you were sprayed with a chemical agent was due to your combative behavior towards staff. A disciplinary was written for the following rule violations, 2-12, 5-3, 5-6, 11-1, 11-2, and 12-1. You were found guilty of all charges except 2-12. Therefore this complaint has no merit.

_____       _____       8/6/10  
Signature of Warden/Supervisor or       Title       Date  
Designee

RECEIVED  
AUG 3 0 2010  
INMATE GRIEVANCE SUPERVISOR  
ADMINISTRATION BUILDING

### INMATE'S APPEAL

If you are not satisfied with this response, you may appeal this decision within five working days by filling in the information requested below and mailing it to the appropriate Chief Deputy/Deputy/Assistant Director along with the Unit Level Grievance Form. Keep in mind that you are appealing the decision to the original grievance. Do not list additional issues, which are not part of your original grievance as they will not be addressed.

WHY DO YOU DISAGREE WITH THE ABOVE RESPONSE?

1. Warden Burl does not state the fact that I was already locked in the shower. Even if I was combative towards staff a Lieutenant should of been called and camera should of been brought in before I got sprayed 3 times in the face with a chemical agent. As I point out I was locked in a shower cell already. I couldn't go any where so there was plenty of time to contact his supervisor and call extraction team before he sprayed me 3 times in the face. Review the Iso 3 cameras. Policy in the use of handling chemical agents where not followed. He misused his rank and the chemical agent.

_____       _____       _____  
Inmate Signature       ADC#       Date  
Roy Burns       091713       8-10-10

IGTT430                                                                                      Attachment VI
3GD

INMATE NAME: Burns, Roy        ADC#: 091713      GRIEVANCE#:EAM10-02858

## CHIEF DEPUTY/DEPUTY/ASSISTANT DIRECTOR'S DECISION

You allege that you were sprayed in the face with a chemical agent by Sgt. Eaton. You allege that he tried to make you turn around to be cuffed, when you refused he sprayed you at least three (3) times within a two (2) minute period. You allege that he never called for assistance, or reported this to the Lt.

Inmate Burns, please be advised records reflect that you were written a Major Disciplinary by Sgt. Eaton on 7/2/10. You were charged and found guilty for rule violations 05-3, 05-6, 11-1, 11-2 and 12-1.

According to policy, non-deadly force may be used in, but not limited to the following situations: a preventing escape; b. preventing injury, including self-injury to any person; c. preventing damage to property; d. preventing the commission of a felony; or, e. maintaining order, discipline and compliance with orders. Force is authorized to the extent necessary to maintain order and discipline, and to ensure the safety of persons and the security of operations. Force may be used to restrain, regain or maintain control of an inmate or inmates. Policy further states that prior to the use of any chemical agent/other non-lethal weapon (stun type devices); the inmate shall be informed that such will be used unless he/she complies with an order(s).

I find that Sgt. Eaton used necessary force to try and control the situation at hand. Your actions will not be tolerated and you will be held accountable for your actions.

Appeal denied

_____/7M7_____                          _____10-13-10_____
        Signature                                          Date

EXHIBIT (D)

Case 2:11-cv-00049-SWW   Document 2   Filed 03/10/11   Page 18 of 18

| ISSR100 | **Arkansas Department of Corrections** <br> East AR Regional Max Unit **Unit** <br> **MAJOR DISCIPLINARY** | If the C.S.O. determines that the violation(s) described on this document are felonious; he/she must hand carry this document to the Unit Warden who must immediately notify the Director. |
|---|---|---|

**Inmate:** Burns, Roy                **ADC#:** 091713A            **Assignment:** AM/PM:Treatment Precaution

**Class:** IV    **is being charged by**    Eaton, Edward D              **Title:**

**with code violation(s):**
02-12 Failure to keep one's person OR quarters IN accordance with regulations
05-3 Assault any willful attempt OR threats(s) to inflict injury upon the person of another
05-6 Throwing OR otherwise ejecting bodily fluids OR excrement on the person of another; any bodily fluids or excrement which hits or lands on the person of another may result in the loss of all good time.
11-1 Insolence To A Staff Member
11-2 Using abusive/obscene language to A staff member
12-1 Failure to obey verbal and/OR written orders of staff

**Date & Time:** 07/02/2010    3:20 PM
**Notice of Charges:**

Incident Report Unit: East AR Region. Unit
Incident Report Date/Time: 07/03/2010/03:20:00 PM
Incident Report Number: 2010-07-007
Incident Report Comments By: Edward D Eaton
On 070210 at approx 3:20 pm I Sgt. Eaton was the Isolation Supervisor. During this time inmate R. Burns #091713 housed in Iso(3) cell(78) was in Iso(3) shower. Inmate R. Burns had completed his shower. Then he asked me Sgt. Eaton to deliver a message to another inmate named M. Ray #131802. I Sgt. Eaton explained to Inmate R. Burns that I wasn't going to tell inmate M. Ray anything. At this time, inmate R. Burns became very aggressive by stapping on the shower and stated " I ain't coming out this shower." I gave him several direct orders to turn around and to allow restraints to be placed on him but he did not comply to the orders given. Instead, he threw a shampoo bottle in my direction. In return I Sgt Eaton administered a 1 to 2 second burst of chemical agent in his direction. As I attempted to exit Iso(3) he threw a soapdish in my direction. In return I administered a 1 to 2 second second burst of chemical agent in his direction. As I was trying to exit Iso(3) inmate R. Burns spit on me several times. In return, I Sgt. Eaton administered another 1 to 2 second burst of chemical agent in his direction. While standing in the shower inmate R. Burns stated to me(Sgt. Eaton) in extremely loud and aggressive tone of voice "You Bitch Nigger" "I am going to stab your Black nigger bitch ass" 'It maybe a day from now" "It maybe two months from now but I am going to get your Black nigger bitch ass." Inmate R. Burns was afforded another shower and was seen by medical staff. My shift supervisor( Lt. Walker) was notified about the above mentioned situation. Inmate R. Burns was placed back in his assigned cell(78) without any further incident. Inmate R. Burns know his actions and behavior is a violation of the ADC policy. Therefore I am charging this inmate with the following rule violations: 2-12, 5-3, 5-6, 11-1, 11-2, 12-1 pending major disciplinary court. EOS

(I affirm that the information in this report is true to the best of my knowledge)        Signature of Charging Officer

| **NOTIFICATION:** | Officer _____ | Date & Time Notified _____ |
|---|---|---|

**Witness Statements:**    No  X            If yes, list:

                                                                        Inmate's Signature

| **C.S.O. Review:** | **Outcome:** | Refer to Hearing Officer/Comm. | |
|---|---|---|---|
| | **By:** | Kelley, Clarence O | **Date** 07/06/2010 |
| **Extension:** | No  X     Yes _____ | Has extension form been completed? _____ | |

Presentation by Counsel - Substitute is required when it is determined that the inmate is illiterate or incompetent or that the issues are extraordinarily complex.
    **Counsel-Substitute:**    Assigned (Name) _____        Not Assigned _____