FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
MAR 29 2011
JAMES W. McCORMACK, CLERK
.By:_____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

ROY D BURNS                                           PLAINTIFF

V.                    CASE NO. 2:11-cv-00049-SWW-BD

SARGEANT EDWARD D. EATON
CORPORAL        WHITE, et al.,           DEFENDANTS

MOTION FOR LEAVE TO FILE AN
AMENDED COMPLAINT

Plaintiff Roy Burns, pursuant to Rules 15(a) and 19(a) Fed. R. Civ. P., requests leave to file an amended complaint adding a party and subtracting several parties

1. The plaintiff in his original complaint named Warden Danny Burl, Asst. Warden Todd Ball, Captain Moses Jackson III and Lt. Walker as defendants at this time I would like them dismissed from this complaint.

2. Furthermore at this time I'd like to add defendant Corporal        White as a defendant

1.

# I  JURISDICTION AND VENUE

3. In addition to original complaint of Jurisdiction and Venue, I'd like to add the following: That this court has supplemental Jurisdiction over plaintiffs state law claims under 28 USC Section 1367

# II  DEFENDANT

4. That defendant Corporal White, is a correctional officer of the Arkansas Department of Corrections (ADOC), who at all times mentioned held the rank of Corporal (Cpl.) and was assigned to the Eastern Arkansas Maximum Security Unit (M.S.U.) in Brickeys, Arkansas

5. Cpl. White is being sued individually and in her official capacity, and at all times mentioned in this complaint acted under color of state law.

# III  FACTS

6. On July 2nd, 2010, during the incident stated in original complaint Cpl. White was manning the control booth in Isolation #3 (Iso #3)

7. During the entire incident in Iso #3 shower Cpl. White was appx. 15 to 20 feet away

2.

She witnessed the entire incident and acted as a participant when after I was sprayed 3 times within 2 minutes by Sgt. Eaton.

8. As I ran to the back of the shower to turn the water on to wash the chemical agent off my body, Sgt Eaton told me "he didn't give me permission to wash it off." He then told Cpl. White "to turn the showers off."

9. At that time, she jumped up from her desk and went to the wall where the shower control system is and turned the water off.

10. Because she turned the water off I was suffering extreme pain & burning sensation

11. This was deliberate indifference to the fact that I was burning and needed the water to wash the chemical agent off my body.

12. Even though she was following orders it still violated my rights to be free from cruel and unusual punishment without due process.

13. There served no security need at all for the water to be turned off.

14. She did not turn the water back on until about 10-15 minutes later when Lt. Walker came in and I complained to her that they turned the water off so I could not wash the chemical agent off. She ordered her (Cpl. White) to turn the water back on

3.

## IV EXHAUSTION OF LEGAL REMEDIES

14. Plaintiff Roy Burns used the prisoner grievance procedure available at the Eastern Arkansas M.S.U. to try to solve the problem. On 7-14-10 Plaintiff Roy Burns presented the facts related to the complaint the best he could on the limited space available to him. The first level of said grievance was thrown away by Sgt. Ivory. So Plaintiff Roy Burns filed his yellow copy on to the second level on 7-28-10 Plaintiff waited 2 weeks in hopes of some kind of response. On 8-6-10 Plaintiffs Grievance was denied by Warden Denny Burl. On 8-10-10 Plaintiff appealed to the final stage, were it was again denied by Larry May, Chief Deputy Director (See Exibit A C)

## V.  LEGAL CLAIM

15. Plaintiff reallege and incorporate by reference paragraphs (1-22) of original complaint and 1-14 of Amended complaint

16. The fact that defendant Cpl. White turned the water off in the shower while Plaintiff was trying to wash off the chemical agent sprayed on him by Sgt. Eaton. Even though she was ordered to. It still showed deliberate indifference to my medical need.

4

17. Furthermore, it violated my right to be free from cruel and unusual punishment.

18. Also both defendants violated state law by the use of excessive force which constituted cruel and unusual punishment, and due process violations under the Eighth and Fourteenth Amendment to the United States Constitution.

## VI PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this court enters Judgement granting Plaintiff:

19. A declaration that the acts and omissions described herein violated plaintiff rights under the Constitution and laws of the United States.

20. A preliminary and permanent injunction ordering defendants to comply with policy and confer with their supervisors before spraying chemical agents on prisoners who are already locked down in a secure area to prevent similar situations from happening. This become very clearly out of control.

21. Compensatory damages in the amount of Fifty Thousand dollars ($50,000) against each defendant jointly and severally.

22. Punitive damages in the amount of Fifty thousand dollars ($50,000) against each defendant

5

23. A Jury trial on all issues triable by Jury.
24. Plaintiffs cost in this suit
25. Any additional relief this court deems Just, proper and equitable.

Dated: March 22, 2011

Respectfully Submitted,
Roy Burns # 091713
Eastern Arkansas Maximum Security Unit
P.O. Box 180
Brickeys, AR. 72320



Seccer Cole

6.